IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02822-BNB

NEAL ALLEN MORRIS,

    Applicant,

v.

HOYT BRILL, Warden,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 26 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Neal Allen Morris is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Kit Carson Correction Center in Burlington, Colorado. Mr. Morris has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on May 7, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses. On May 22, 2009, Respondent filed a Preliminary Response arguing that Mr. Morris has not exhausted state court remedies. Mr. Morris filed a Reply to the Preliminary Response on June 10, 2009.

The Court must construe liberally the Application and Reply filed by Mr. Morris because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

While Mr. Morris was participating in the Intensive Supervision Program (ISP) he was convicted of violating the Code of Penal Discipline (COPD) for associating with a convicted felon. As result of his guilty plea, he was regressed to prison. In the Application, Mr. Morris asserts that his due process rights, under *Morrissey v. Brewer*, 408 U.S. 471 (1971), were violated at his COPD hearing. He asks that his COPD violation be expunged, that he be afforded the due process procedures set forth in Colo. Rev. Stat. § 17-2-103(c), and that he be discharged from all custody.

Respondent does not raise the affirmative defense of timeliness. He, however, does assert that Mr. Morris has failed to exhaust his state court remedies because he has available to him the ability to challenge his ISP revocation in the criminal sentencing court pursuant to Colo. R. Crim. P. 35(c)(2)(VII). Respondent further asserts that because Mr. Morris's revocation is reviewable under Rule 35(c) relief is not available to him under the habeas corpus act. Respondent also contends that Mr. Morris did file a writ of habeas corpus in the Kit Carson District Court that was discharged and transferred to the Arapahoe County District Court for further proceeding

under Rule 35(c), but to date there has been no action taken by the Arapahoe County District Court in the Rule 35(c) proceeding. Respondent also asserts that Mr. Morris failed to appeal his disciplinary action properly to the "administrative head" and to file a timely Colo. R. Civ. P. 106(a)(4) action, resulting in the challenge to the disciplinary conviction being procedurally defaulted. (Answer at 6.) In his Reply, Mr. Morris asserts that on two occasions he attempted to file an appeal of his COPD conviction, and both times he did not receive a response. He further asserts that because the DOC defaulted in replying to his appeal he proceeded with filing a timely petition for a writ of habeas corpus. Mr. Morris also contends that he is precluded from filing a Rule 35(c) postconviction motion under Colo. Rev. Stat. § 16-5-402-1, because his conviction was entered more than three years ago.

Mr. Morris must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Morris appears to have two avenues in state court to challenge his COPD hearing and the resulting regression to prison. First, he may appeal the hearing officer's or board's decision to the warden within fifteen days. **See** DOC Administrative Regulations 150-01 IV.E.1.s. The warden is required to decide the appeal within thirty days, which constitutes a final judgment. *Id.* Under Colo. R. Civ. P. 106(b), Mr. Morris has thirty days to seek relief in state court to challenge the final DOC decision. Although Mr. Morris asserts that he did file an appeal and that he did file a Rule 106 petition in the Kit Carson District Court that was denied on October 8, 2008, and a second petition that was denied on December 2, 2008, he does not assert that he appealed the denial of either of the Rule 106 petitions. It would appear that Mr. Morris now has procedurally defaulted his claims in a Rule 106 proceeding.

Nonetheless, the Court will refrain from dismissing the action as procedurally barred. Contrary to Mr. Morris's assertions, the Court finds that he does have a remedy to challenge the revocation of his ISP status in state court under Rule 35(c)(2)(VII). Under Colo. Rev. Stat. § 16-5-402(2), exceptions to the time limitation to file a Rule 35(c) motion are allowed based on justifiable excuse. Furthermore, the limitations period under § 16-5-402 cannot commence until there is a right to pursue a collateral attack. **See *People v. Manzanares***, 85 P.3d 604 (Colo. App. 2003).

Mr. Morris also does not deny that he has a Rule 35 proceeding pending in the Arapahoe District Court. Therefore, the Court will dismiss the instant action without prejudice for failure to exhaust state court remedies. Accordingly, it is

4

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 25 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02822-BNB

Neal Allen Morris
Prisoner No. 130198
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

Chris W. Alber
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/26/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk